NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3518
_____

UNITED STATES OF AMERICA

v.

ZACHARY CHAMBERS,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. 2-10-cr-00770-002)
District Judge:  Honorable Michael M. Baylson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 8, 2014

Before:  FISHER, JORDAN and HARDIMAN, *Circuit Judges*.

(Filed: October 8, 2014)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Appellant Zachary Chambers appeals his conviction and sentence for conspiracy

to distribute narcotics and attempted possession with the intent to distribute cocaine.

Chambers challenges the district court's denial of his motion to suppress, the district

court's failure to strike testimony of a codefendant's guilty plea, and the reasonableness of his sentence. We will affirm.[1]

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

In 2009, a multistate task force began investigating a suspected drug trafficking organization in Philadelphia headed by Bellvin Smith. The task force suspected that Smith and others traveled to Las Vegas and Los Angeles to purchase powder cocaine, crack cocaine, and marijuana and transported the drugs to the Philadelphia area for sale.

On December 1, 2010, a grand jury in the Eastern District of Pennsylvania indicted Smith, Chambers, and three others for crimes related to the drug trafficking scheme. A subsequent superseding indictment charged Chambers with one count of conspiracy to distribute five kilograms or more of cocaine, 280 grams or more of crack cocaine base, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(D) and 846, and one count of attempted possession with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846,

---

[1] Chambers's codefendant, Tyreek Styles, has also appealed his conviction and sentence. *See* Docket No. 14-1661. We address his appeal with a separate opinion and judgment.

and 18 U.S.C. § 2. Chambers moved to suppress any evidence discovered as a result of a February 2010 traffic stop in St. Louis, Missouri; the district court denied the motion.

A jury found Chambers guilty of both the conspiracy and attempted possession charges. The district court sentenced Chambers to 330 months of incarceration, five years of supervised release, and a $5,000 fine. Chambers filed a timely notice of appeal.

## II.

The district court had jurisdiction over this criminal action under 18 U.S.C. § 3231. We exercise jurisdiction to review the district court's judgment of conviction under 28 U.S.C. § 1291 and to review the sentence imposed under 18 U.S.C. § 3742(a).

## III.

### A.

Chambers first contends that the district court should have suppressed evidence discovered during a traffic stop that occurred on February 3, 2010, in St. Louis, Missouri. Chambers was a passenger in the vehicle. "We review the [d]istrict [c]ourt's decision [regarding] a motion to suppress under a mixed standard of review. We review its findings of fact for clear error, but exercise plenary review over its legal conclusions." *United States v. Tracey*, 597 F.3d 140, 146 (3d Cir. 2010) (citation omitted).

An officer may briefly stop a person for investigation "when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). Reasonable suspicion only requires "some minimal level of

objective justification," that is, less than probable cause. *INS v. Delgado*, 466 U.S. 210, 217 (1984). Chambers concedes that the initial stop was valid, but he argues that the stop became illegal when the officers continued to investigate without further evidence of criminal activity. We disagree.

When the officers stopped the minivan at 4:00 a.m. for failing to maintain a single lane of traffic, the officers observed that the driver was nervous and shaking.[2] They also saw that energy drinks and multiple cellphones were on the driver's console. The driver admitted that he and the passengers were traveling from Philadelphia to Las Vegas to gamble. The officers had reasonable suspicion at that time to marginally extend the traffic stop to ask whether the driver or passengers were carrying cash. After the driver admitted that they were carrying cash in a backpack, the driver consented to a search of the minivan, and none of the passengers objected. Accordingly, the cash and other items that the officers found were lawfully discovered. And because Chambers and the other passengers claimed not to own the cash or the items, the officers lawfully kept them.

Chambers argues that he did not consent to the search of the whole minivan and that he could not give voluntary consent in any event. However, the officers asked to search the entire vehicle, and no one objected. Moreover, the circumstances do not indicate that Chambers could not give voluntary consent: he was not handcuffed at the time; his background, age, and intelligence suggest he had the capacity to consent; and

---

[2] The district court credited the testimony of the officers with respect to the stop.

4

the officers did not coerce him into acquiescing in the search. Accordingly, the district court properly denied the motion to suppress.

B.

Chambers next argues that the district court improperly allowed a federal agent to testify about a codefendant's plea agreement. We review the district court's evidentiary rulings for abuse of discretion. *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 412 (3d Cir. 2002). But even an incorrect evidentiary ruling does not require reversal as long as "'it is highly probable that the error did not contribute to the judgment.'" *United States v. Zehrbach*, 47 F.3d 1252, 1265 (3d Cir. 1995) (en banc) (emphasis removed) (quoting *Gov't of V.I. v. Toto*, 529 F.2d 278, 284 (3d Cir. 1976)).

At trial, the Government offered the testimony of an ATF agent concerning a variety of records discovered through the course of the investigation. After defense counsel asked about an individual on cross-examination, the agent on re-direct testified that the individual was a codefendant in this case who pleaded guilty to conspiracy to distribute five kilograms of cocaine and described the role in the conspiracy to which she admitted. After the court expressed surprise that defense counsel had not objected, counsel attempted to object to the testimony. However, because the agent had already completed his response, the district court found the objection untimely.[3]

---

[3] The Government urges the Court to find that Chambers forfeited this claim and to review the claim for plain error. Because we find any error, if one occurred, harmless, we do not determine whether Chambers forfeited this claim.

5

Assuming, without deciding, that the district court erred in allowing this testimony and in failing to strike it from the record with a curative instruction, we are convinced that the error did not prejudice Chambers, and any such error was, therefore, harmless. The codefendant's admission of guilt did not implicate Chambers, and the jury was instructed that they should not evaluate codefendants' guilty pleas in determining Chambers's guilt. Accordingly, we find no reversible error here.

C.

Finally, Chambers argues that his sentence is substantively unreasonable. Chambers contends that in calculating the advisory Sentencing Guidelines range the district court should have granted a downward departure under U.S.S.G. § 4A1.3 because Chambers's criminal history score over-represented the seriousness of his criminal history.[4]

Chambers asks this Court to review this issue for abuse of discretion, but the Government argues that because the district court recognized its ability to depart from the advisory Guidelines sentencing range under § 4A1.3 and chose not to, we lack jurisdiction to consider the issue. We agree with the Government.

---

[4] Section 4A1.3(b)(1) of the Sentencing Guidelines allows a district court, in determining the advisory sentencing range, to depart from the calculated range "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."

6

"We do not have jurisdiction to review discretionary decisions by district courts to not depart downward." *United States v. Jones*, 566 F.3d 353, 366 (3d Cir. 2009) (internal quotation marks omitted). Therefore, if the district court ruled that a departure was legally impermissible, we can review that decision; but if the district court understood its ability to grant the departure and chose not to grant it in light of the circumstances of the case, we cannot review the decision. *See United States v. Mummert*, 34 F.3d 201, 205 (3d Cir. 1994).

At the sentencing hearing, Chambers argued for a departure under § 4A1.3, and the district court denied it. The court noted, "I have discretion to - - to consider it. I have discretion to grant it. In my view, Mr. Chambers has had a - - basically a lifetime of crime . . . and I can't see any reason to reduce the criminal history category. So I'll deny that." J.A. 501. The court understood its ability to grant the departure but in its discretion determined Chambers's criminal history score did not over-represent the seriousness of his criminal history. Accordingly, we lack jurisdiction to review this issue.

IV.

For the reasons above, we will affirm Chambers's conviction and sentence.