**BLD-113** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3209
_____

ZACHARY CHAMBERS,
Appellant

v.

WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-21-cv-01654)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 31, 2022

Before:  MCKEE, GREENAWAY, JR. and PORTER, Circuit Judges

(Opinion filed: May 5, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Zachary Chambers, a federal prisoner incarcerated in Pennsylvania, appeals pro se from the order of the United States District Court for the Middle District of Pennsylvania dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Following a jury trial in the United States District Court for the Eastern District of Pennsylvania in 2013, Chambers was convicted of conspiracy to distribute 5 kilograms or more of cocaine, 280 grams or more of crack cocaine base, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and attempted possession with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2. The District Court sentenced him to 330 months' imprisonment followed by five years' supervised release. We affirmed his conviction and sentence on direct appeal. See United States v. Chambers, 587 F. App'x 22, 26 (3d Cir. 2014).

In 2015, Chambers filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel and withholding of evidence by the prosecution. The District Court denied his motion, but we granted him a certificate of appealability and remanded the matter for an evidentiary hearing on one of his claims. Following that hearing, the District Court again denied Chambers's motion, and we declined to issue him a certificate of appealability. See United States v.

2

Chambers, No. 17-3358 (3d Cir. Jan. 18), 2018 WL 11395021, cert. denied 139 S. Ct. 435 (2018).

In September 2021, Chambers filed the instant § 2241 petition, in which he claims that a change in law brought about by Rehaif v. United States, 139 S. Ct. 2191 (2019), renders invalid the imposition of a sentencing enhancement for possession of a firearm during the commission of the offenses for which he was convicted. See U.S. Sent'g Guidelines Manual § 2D1.1(b)(1) (U.S. Sent'g Comm'n 2012). The District Court dismissed the petition for lack of jurisdiction, finding that it could not entertain the § 2241 petition because § 2255 was not an inadequate or ineffective remedy for Chambers to challenge his detention. Chambers timely filed a notice of appeal and a response to our notice of possible summary action.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may summarily affirm a District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Motions under § 2255 are generally the presumptive means by which federal prisoners may collaterally challenge their sentences. See Davis v. United States, 417 U.S. 333, 343 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A habeas

3

corpus petition brought by a federal prisoner under § 2241 accordingly "shall not be entertained" unless a § 2255 motion would be "inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255(e). This exception, known as the "safety-valve clause," is narrow and applies "where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording [the petitioner] a full hearing and adjudication of [the] wrongful detention claim." Cradle, 290 F.3d at 538. We have found such circumstances exist only in rare situations, such as where a petitioner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." In re Dorsainvil, 119 F.3d 245, 252 (3d Cir. 1997); see also Cordaro v. United States, 933 F.3d 232, 239 (3d Cir. 2019).

While Chambers invokes the Dorsainvil rule, he has not demonstrated such a limitation. As the District Court noted, he has not alleged any change in statutory interpretation that would render the conduct for which he was convicted non-criminal. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017). Chambers does not challenge his conviction. He alleges only that the sentencing enhancement for possession of a firearm during the commission of his offenses now cannot apply to him based on Rehaif, where the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he

4

possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

This argument is unavailing. Chambers was not charged with or convicted of an offense under 18 U.S.C. § 922(g) and § 924(a)(2), so Rehaif is inapplicable to him by its terms. Nor can his argument be construed to advocate for a logical extension of Rehaif, because the sentencing guideline enhancement in question does not require the defendant to have been convicted of any prior offense, occupy any particular status, or have knowledge of either.[1] See § 2D1.1(b)(1) (instructing courts to increase the offense level by two levels "[i]f a dangerous weapon (including a firearm) was possessed" by the defendant during the commission of an offense of conviction for unlawful manufacturing, importing, exporting, or trafficking of drugs); see generally United States v. Denmark, 13 F.4th 315, 318–321 (3d Cir. 2021) (discussing the required proof and procedure for imposing the enhancement under § 2D1.1(b)(1)); U.S. Sent'g Guidelines Manual § 2D1.1 cmt. n.11 (U.S. Sent'g Comm'n 2012).[2] We are unconvinced by Chambers's petition that Rehaif has any impact on the applicability of this enhancement to him.[3]

---

[1] We acknowledge Chambers's evidence that there was some discussion of his prior convictions at his sentencing hearing. See Mem. L. Supp. § 2241 Pet., ECF No. 2 at 12–13, 18–19. However, the transcript also indicates that his history was "not being introduced [by the Government at sentencing] in support of that enhancement . . . . It's being introduced as part of the defendant's conduct, his nature and characteristics that the court can take into consideration" under the sentencing factors in 18 U.S.C. § 3553. Id. at 14–15.

[2] However, we find it unnecessary to decide whether a change in statutory interpretation

For the foregoing reasons, this appeal fails to present a substantial question, and we will summarily affirm the District Court's judgment.

---

that does affect the Sentencing Guidelines might ever implicate the safety-valve clause of § 2255. See United States v. Doe, 810 F.3d 132, 160–61 (3d Cir. 2015).

[3] To the extent that Chambers argues for unrelated reasons that the enhancement should not apply to him—such as that there was either insufficient nexus between the gun possession and the drug trafficking, or insufficient evidence to support the enhancement—such arguments were available to him on direct appeal and his remedies under § 2255 are not inadequate or ineffective within the meaning of the safety valve.